IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1997 SESSION

FILED

February 27, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | NO. 01C01-9702-CC-00053 |
| Appellee, | ) | |
| | ) | WILLIAMSON COUNTY |
| v. | ) | |
| | ) | Hon. Donald P. Harris |
| TRAMPAS DALE SWEENEY | ) | |
| | ) | (Sentencing) |
| Appellant | ) | |
| | ) | |

For the Appellant

C. Diane Crosier
Assistant Public Defender
P.O. Box 68
Franklin, TN. 37065

For the Appellee

John Knox Walkup
Attorney General & Reporter

Sarah M. Branch
Assistant Attorney General
2nd Floor Cordell Hull Building
425 Fifth Avenue North
Nashville, TN. 37243-0943

Joseph D. Baugh, Jr.
District Attorney General
Williamson County Cthse. Ste. G-6
P.O. Box 937
Franklin, TN. 37065-0937

Jeff Burks
Assistant District Attorney General
P.O. Box 937
Franklin, TN. 37065-0937

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Trampas Dale Sweeney, appeals as of right the sentences he received following guilty pleas in the Circuit Court of Williamson County to the offenses of evading arrest and driving a motor vehicle while classified as an habitual motor vehicle offender ("HMVO").[1] The trial court sentenced the appellant as a Range III persistent offender and ordered him to serve five (5) years in the Tennessee Department of Correction for driving a motor vehicle while declared an HMVO, a Class E felony; and eleven (11) months and twenty-nine (29) days in the Williamson County Jail for evading arrest, a Class A misdemeanor. The sentences were ordered to run concurrently for a total effective sentence of five (5) years.

On appeal, the appellant contends that the trial court failed to properly consider probation for the offense of driving while declared an HMVO. He further contends that he should have been placed on community corrections. We affirm the judgment of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

The appellant in this case is no stranger to the criminal justice system in Tennessee. He was originally declared an habitual motor vehicle offender on June 2, 1989, based upon his four (4) prior convictions for driving with a revoked license and one (1) prior conviction for driving while under the influence of an intoxicant. Since 1989, the appellant has received six (6) convictions for operating a motor vehicle while declared an HMVO, two (2) convictions for driving with a revoked license, two (2) convictions for driving while under the influence of an intoxicant, one (1) conviction for marijuana possession, and one (1) conviction for evading arrest.[2]

---

[1] The appellant was indicted on the following charges: (1) Operating a motor vehicle in Williamson County, Tennessee while classified as an HMVO; (2) Driving a motor vehicle upon a public highway in Williamson County, Tennessee when his privilege to do so was canceled, suspended, or revoked; (3) Evading arrest; and (4) Possessing a controlled substance, to-wit: diazepam, being classified as a Schedule IV controlled substance. Pursuant to a plea agreement, the appellant pled guilty to evading arrest and operating a motor vehicle while declared an HMVO, and the State entered *nolle prosequi* on the remaining counts.

[2] One of the HMVO violations, committed on March 19, 1994, occurred while the appellant was free on bond from a 1993 offense. Additionally, the offenses at issue in this case were committed while the appellant was on probation from convictions in 1994.

2

In the present case, appellant challenges his sentences on the ground that he is somehow suitable for probation or community corrections.

This issue is without merit.

When an appellant challenges his sentence, we must conduct a *de novo* review of the record. See Tenn. Code Ann. § 40-35-401(d) (Supp.1996). The sentence imposed by the trial court is accompanied by a presumption of correctness and the appealing party has the burden of showing that the sentence is improper. See Tenn. Code Ann. § 40-35-401 (Sentencing Commission Comments). That presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Tennessee Code Annotated section 40-35-103 sets out the sentencing considerations for courts to follow when determining whether a defendant should be incarcerated. Those factors include: whether confinement is necessary to protect society or to avoid depreciating the seriousness of the offense, whether "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," and whether "measures less restrictive than confinement have frequently been applied unsuccessfully to the defendant." See Tenn. Code Ann. § 40-35-103(1) (Supp. 1996).

The trial court gave full consideration to the relevant evidence and circumstances before ordering the appellant's sentences. As the trial court found, the appellant has a criminal record of over fifteen (15) convictions and has demonstrated an unwillingness to comply with the conditions of probation and community release.

Nevertheless, the appellant argues that the trial court should have considered probation for the HMVO offense in light of this Court's previous decision in State v. Ricky Fife, No. 03C01-9401-CR-0036 (Tenn. Crim. App. at Knoxville, June 15, 1995). The appellant's reliance on Fife is without merit. In Fife, a panel of this Court

acknowledged that the 1989 Sentencing Reform Act supersedes Tennessee Code Annotated section 55-10-616(c), so that trial courts may now suspend all or part of a habitual motor vehicle offender's sentence. See slip op. at 2, n.2.[3] However, trial courts maintain full discretion to determine the appropriate sentence under the Sentencing Reform Act of 1989, and nothing in that Act supports appellant's contention that he is suitable for alternative sentencing.

To the contrary, from our *de novo* review, we conclude that appellant's sentences, as set under Range III, are clearly justified in light of his criminal history and his persistent disregard for the laws of this State. The appellant has failed to carry his burden of showing that his sentences are improper.

Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals, the judgment of the trial court is affirmed.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:

_____
JOE B. JONES, Presiding Judge

_____
PAUL G. SUMMERS, JUDGE

---

[3]Prior to the Sentencing Reform Act of 1989, Tennessee Code Annotated section 55-10-616© precluded trial courts from suspending any portion of a habitual motor vehicle offender's sentence.

4